J137-5550

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



E. Mishan & Sons, Inc.,                          :

              Plaintiff,          :

        v.                               :      Civil Action No. 25-cv-04853-SHS

                    :

Tradix GmbH & Co. KG                          :

                    :

          Defendant.          :

## STIPULATED PROTECTIVE ORDER

1.     All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.     "Confidential Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Attorneys Eyes Only" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, electronically stored information, or otherwise. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. The party in receipt of information designated as Confidential Information may challenge such designation by motion.

3.     Except with the prior written consent of the producing party or by order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) **Parties**.   Parties and employees of a party that in good faith need to have access to such information for the prosecution or defense of this action.

(b) **Outside Counsel of Record**.   Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.   Outside counsel of record includes attorneys at Notaro, Michalos & Zaccaria P.C. and Potomac Law Group PLLC who are

involved in advising their respective clients, even if they have not entered an appearance in the litigation.

(c) **The Court**.   The Court and its personnel.

(d) **Court Reporters and Recorders**.   Court reporters and recorders engaged for depositions.

(e) **Persons Creating or Receiving Documents**. Any person who authored or recorded the designated document, and any person who has previously received the designated document.

(f) **Litigation Support**.   Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement To Be Bound.

(g) **Consultants, Investigators, and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement To Be Bound.

4.    Except with the prior written consent of the producing party or by Order of the Court, "Attorneys Eyes Only" information shall not be furnished, shown or disclosed to any person or entity except to those identified in paragraphs 3(b)-3(g).

5.    Documents produced in this action may be designated by any party or parties as "Confidential" or "Attorneys Eyes Only" information by labelling each page of the document(s) by any means as "Confidential" or "Attorneys Eyes Only." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged.   Originals shall be preserved for inspection.

6.    Confidential Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "Attorneys Eyes Only" information by notifying the other party in writing within twenty-one (21) days of receiving the transcript of such deposition. The parties shall endeavor in good faith to indicate on the record at the deposition that the testimony is "Confidential" or "Attorneys Eyes Only" and is subject to the provisions of this Order. If a party determines that its designations during a deposition were not correct, the party shall de-designate as soon as practicable, but no later than twenty-one (21) days of receiving the transcript of such deposition. Notwithstanding Local Civil Rule 30.3, a producing party shall have the right to exclude from attendance at a deposition, only during such time as Confidential Information is to be disclosed, any person not entitled to receive such

material under this Order.

7.      Unless otherwise designated during the deposition, all depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of twenty-one (21) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such twenty-one-day period, the deposition shall be classified appropriately.

8.      Should the need arise for any party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion of the producing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

9.      A party may designate as "Confidential" information or "Attorneys Eyes Only" information subject to this stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of documents, produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to twenty-one (21) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to twenty-one (21) days after the transcript is received by counsel for the party ( or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such twenty-one (21)-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents and testimony shall be treated as Confidential Information.

10.     Documents unintentionally produced without a "Confidential " or "Attorneys Eyes Only" designation may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

11.     Documents to be inspected shall be treated as "Attorneys Eyes Only" during inspection. At the time of copying for the receiving parties, such inspected documents shall be labeled prominently as "Confidential" or "Attorneys Eyes Only," as appropriate, by the producing party.

12.     This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any party client his or her evaluation in a general way of "Confidential" or "Attorneys Eyes Only" information produced or exchanged herein; provided, however that in rendering such advice, the attorney shall not disclose the specific contents of any "Confidential" or "Attorneys Eyes Only" information produced by another party herein, which disclosure would be contrary to the terms of this Order.

13.     Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" or "Attorneys Eyes Only" consents to such

3

disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Attorneys Eyes Only" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Attorneys Eyes Only" information, irrespective of which party produced such information.

14.    A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Attorneys Eyes Only" the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Order by objecting in writing to the party who has designated the document or information as "Confidential" or "Attorneys Eyes Only." The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

15.    The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Order.

16.    Nothing shall be designated as "Confidential" or "Attorneys Eyes Only" information if it is information that:

(a)    is in the public domain at the time of disclosure, as evidenced by a written document;

(b)    becomes part of the public domain through no fault of the receiving party, as evidenced by a written document;

(c)    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d)    the receiving party lawfully receives at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

17.    Notwithstanding the designation of information as "Confidential" or "Attorneys Eyes Only," there is no presumption that such information shall be filed with the Court under seal. The parties shall follow applicable local Rules and/or the Court's procedures for requests for filing under seal.

18.    Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

19.    Within one hundred twenty (120) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof shall be returned to the producing party or, at the receiving party's option, shall be destroyed. In the event that any receiving party chooses to destroy physical objects and documents, such party shall certify in writing within one hundred twenty (120) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Order shall prohibit or interfere with the ability of counsel for any receiving party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any party or non-party or their affiliate(s) in connection with any other matter.

20.    This Order shall continue to be binding after the conclusion of this litigation except that: (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) a receiving party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Order. The provisions of this Order shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

21.    The parties agree that this Order supersedes any order for confidentiality presently or subsequently entered in *In the Matter of Tradix GmbH & Co. KG* filed in the Supreme Court of the State of New York, County of New York, Index No. 151719/2025.

*(SIGNATURE PAGE FOLLOWS)*

---

### SIGNATURE CERTIFICATION

Pursuant to Section 8.5 of the Electronic Case Filing Rules and Instructions, I hereby certify that the content of this document is acceptable to Susan V. Metcalfe, counsel for Tradix GmbH & Co. KG, and Angelo Notaro, counsel for E. Mishan & Sons, Inc., and that I have obtained both of their authorizations to affix their electronic signatures to this document.

s/ Alan Federbush

---

SO STIPULATED AND AGREED:

| | |
|---|---|
| */s/ Angelo Notaro* | */s/ Susan V. Metcalfe* |
| Angelo Notaro | Susan V. Metcalfe |
| *Attorney for E. Mishan & Sons, Inc.* | *Attorney for Tradix GmbH & Co. KG* |
| Notaro, Michalos & Zaccaria P.C. | Potomac Law Group, PLLC |
| 450 Seventh Avenue, Suite 2305 | 1177 Avenue of the Americas, 5th Floor |
| New York, New York 10123-0101 | New York, New York 10036 |
| Telephone: (212) 278-8600 | Telephone: (646) 519-7477 |
| Email: angelo.notaro@notaromichalos.com | Email: smetcalfe@potomaclaw.com |
| | |
| Dated: January 28, 2026 | Dated: January 28, 2026 |

Dated:  New York, New York

January 29, 2026

This protective order may be amended for good cause shown.

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.

# Attachment A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――x

E. Mishan & Sons, Inc.,                          :
                                                 :
                    Plaintiff,                   :
                                                 :        Civil Action No. 25-cv-04853-SHS
          v.                                     :
                                                 :
Tradix GmbH & Co. KG                             :
                                                 :
                                                 :
                    Defendant.                   :

―――――――――――――――――x

**Acknowledgement of Understanding and Agreement To Be Bound**

I,_____, state that:

1.      My address is_____.

2.      My present occupation or job description is_____.

3.      I have received a copy of the Stipulated Protective Order (the "**Stipulation**")

entered in the above-entitled action on_____2026.

4.      I have carefully read and understand the provisions of the Stipulation.

5.      I comply with all of the provisions of the Stipulation.

6.      I will hold in confidence, will not disclose to anyone not qualified under the

Stipulation, and will use only for purposes of this action, any "Confidential" or "Attorney's

Eyes Only" information that is disclosed to me.

7.      I will return all "Confidential" or "Attorney's Eyes Only" information that comes into

my possession, and documents or things that I have prepared relating thereto, to counsel

for the party by whom I am employed or retained, or to counsel from whom I received

the "Confidential" or "Attorney's Eyes Only" information.

8.      I hereby submit to the jurisdiction of this court for the purpose of enforcement of

8

the Stipulation in this action.


Dated: _____


_____
            (signature)